**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TAYONA POWELL,

Plaintiff,

v. CIVIL ACTION NO. 3:15-12027

ALCON LABORATORIES, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant, Alcon Laboratories, Inc.'s ("Alcon") Motion for Summary Judgment. ECF No. 23. Oral argument on this motion was held on September 19, 2016. For the reasons stated below the Court **GRANTS** Alcon's Motion to Dismiss.

## I. Background

Plaintiff, Tayona Powell ("Powell"), moved to Huntington, West Virginia in May 2014. Powell Dep. 49:5-7; 52:1-5. In preparation for her move to Huntington, Powell applied for a position with Manpower, a temporary staffing agency. *Id.* at 49:13-50:13. Powell was eventually allocated to a temporary position with Alcon on August 15, 2014. *Id.* at 55:20-24. Alcon is a manufacturer of intra-ocular lenses and located near Huntington. Def's. Mot. Summ. J. 2. Although Powell was assigned to perform work for Alcon, she admitted that she ultimately worked for Manpower. Powell Dep. at 58:3-8. Powell also signed employment documents that likewise state that she was an employee of Manpower. *See* Review of Employment Polices, ECF No. 23-3. Powell received all of her paychecks from Manpower and her work assignments were directed by Manpower. Powell Dep. 59:7-14; 52.

In January 2015 Powell was diagnosed with fibroids in her uterus that had, in the past, caused her severe abdominal pain. *Id.* at 89. Upon the recommendation of her doctors, Powell decided to undergo surgery to have them removed. *Id.* The surgery was scheduled for March 24, 2015 and Powell would need six to eight weeks of recovery before returning to work. *Id.* at 131:2-4. At some point before the surgery Powell approached her immediate supervisor at Alcon, Ed Bailey ("Bailey"). *Id.* at 112:4-7. Bailey and Powell had a number of conversations about the status of Powell's work at Alcon before she left. *Id.* at 112-114. Ultimately, after speaking with his superiors, Bailey informed Powell that she could return to the work she was doing when she recovered from her surgery. *Id.* at 114:3-13. Bailey also informed Powell that while she was recovering, Alcon would need to fill her position with someone else. Bailey Dep. 23:15-16.

The record does not reveal how long Powell spent recovering, but when she recovered sufficiently to begin working again she applied directly to Alcon for a software engineer position as well as for her previous position. Powell Dep. 134:4-11. Powell did not, at that time, inform Manpower or Alcon that she had recovered and was ready to return to work. *Id.* at 134-35. Powell also admitted that she had no prior experience with software engineering. *Id.* at 136:23-137:6.

An Alcon employee, Aaron Richards ("Richards"), manager of manufacturing, conducted a phone interview with Powell about her application for the software engineer position. Richards Dep. 16:3-6. During the interview Richards discovered that Powell did not have the proper work experience for a position as a software engineer. *Id.* at 17:25-18:1. At the time of the interview he did not realize that he had had a brief conversation with Bailey about Powell's absences before she left for her surgery. *Id.* at 17:5-13. It was only after the interview that Richards began to remember that Powell had worked at Alcon in the past. *Id.* at 18:4-7. Powell was not hired for the software engineer position. Powell Dep. 135:3.

Powell then contacted Michelle Anderson ("Anderson") at Manpower to inform her that she had recovered and was ready to return to her job at Alcon. *Id.* at 138:13-22. Powell testified in her deposition that Anderson told her that Bailey and Anna Symes, Richards' supervisor, informed her that Powell was no longer welcome at Alcon because of her absences. *Id.* at 138:23-139:1. Michelle Anderson was never deposed and Bailey testified that no one from Manpower ever contacted him about Powell after she left for surgery. Bailey Dep. 27:15-28:1. After her conversation with Anderson Powell did not contact Alcon directly. Powell Dep. 139:5-19. Bailey also testified that he did not know that Powell had recovered and was interested in continuing her work at Alcon. Bailey Dep. 24:23.

Powell brought suit against Alcon alleging: disability discrimination; gender discrimination; violations of the Family Medical Leave Act; retaliation for exercising Family Medical Leave Act rights; negligent infliction of emotional distress; outrage; and race discrimination. Compl. ¶¶ 14-64, ECF No. 1-1. The case was removed from the Circuit Court of Cabell County, West Virginia to this Court on August 12, 2015. ECF No. 1. Alcon filed a motion for summary judgment challenging all claims brought in the Complaint. Def. Mot. Summ. J., ECF No. 23. In her response Powell abandoned her Family Medical Leave Act claims, race discrimination claims, outrage claims, and negligent infliction of emotional distress claims. Pl. Resp. ECF No. 25. Accordingly, the Court need only adjudicate Powell's disability and gender discrimination claims.

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the

evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof of an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. Discussion

Powell's remaining claims, disability discrimination and sex discrimination in violation of the West Virginia Human Rights Act, cannot withstand Alcon's summary judgment challenge. Alcon advances several arguments to defeat Powell's remaining claims. Particularly and of most import to the discussion to follow, Alcon argues that Powell has failed to produce any evidence that Alcon made an adverse employment decision based on either Powell's gender or her alleged disability. The Court agrees.

A successful claim of employment discrimination of any kind based on the West Virginia Human Rights Act ("the Act") must prove three elements: (1) the plaintiff is the member of a protected class; (2) the employer made an adverse decision concerning the plaintiff; and (3) but for the plaintiff's protected status, the adverse decision would not have been made. *Burke-Parsons-Bowlby Corp. v. Rice*, 736 S.E.2d 338, 344 (W. Va. 2012).

> The first two parts of the test are easy, but the third will cause controversy. Because discrimination is essentially an element of the mind, there will probably be very little direct proof available. Direct proof, however, is not required. What is required of the plaintiff is to show some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion. This evidence could, for example, come in the form of an admission by the employer, a case of unequal or disparate treatment between members of the protected class and others by the elimination of the apparent legitimate reasons for the decision, or statistics in a large operation which show that members of the protected class received substantially worse treatment than others.

*Dawson v. Allstate Ins. Co.*, 433 S.E.2d 268, 273 (W. Va. 1993) (quoting *Conway v. E. Associated Coal Corp.*, 358 S.E.2d 423, 429-30 (W. Va. 1986)).

Even assuming *arguendo* Powell's surgery and the condition that prompted the surgery rendered her disabled according to the Act, or she was perceived as disabled by her supervisors at Alcon, Powell has failed to produce any evidence that Alcon made an adverse employment decision based on her disability or her gender.

Taking the two positions Powell attempted to secure at Alcon in turn, Powell applied for a software engineer position at Alcon, yet admitted that she did not have any experience in software engineering. Powell Dep. 136:17-137:6; 134:4-11. When interviewed by Richards, Richards noted that she was unqualified for the position. Richards Dep. 17:25-18:1. Thus, unsurprisingly, Alcon did not hire Powell for this position. Powell Dep. 135:2-3. There is no evidence that she was denied this position because of her disability, a perception of disability, or her gender. The most reasonable inference to be drawn is that she was denied the position due to her lack of experience. *See* Richards Dep. 17:25-18:1 To make an inference that it was her disability or gender would be utter speculation without any foundation in the facts presented to the Court. *See Anderson*, 477

U.S. at 252 (the nonmoving party must satisfy their burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.).

Notwithstanding her lack of experience for the software engineering position, at oral argument Powell contended that Richards had a duty after the interview with Powell to inform Bailey that Powell had recovered and was ready to assume her previous position at Alcon.

Powell's argument can be dismissed readily. First, Richards testified in his deposition that he was asked by a superior to conduct a limited phone interview with applicants for the software engineer position that focused solely on whether each applicant had the appropriate skill set for that particular job. Richards Dep. 15:21-24. He was in no way involved in the ultimate decision to hire anyone for that job or any other job. *Id.* at 18:13-15; 18:21-23; 20:1-6. Second, Richards, at the time of the interview, was unaware that Powell had worked at Alcon in the past. *Id.* at 17:5-13. When he did remember that she may have worked there in the past he either did not know or did not remember that she had left for medical reasons and her old job was promised to her upon her return. *Id.* at 17:21-18:7. Lastly, Powell can point to no law or company policy that would require Richards, even if he knew that Powell was promised her old job, recovered, and was seeking that job and not some other job, to inform Bailey of her desire to return. Indeed, there is no such law or company policy. At bottom, it would be absurd to expect Richards to know and then communicate to Bailey that Powell wanted to continue working at her old position based on her decision to apply for a completely different position. Accordingly, Powell has not produced any evidence that Alcon made an adverse employment decision based on Powell's membership in a protected class.

Turning to her attempt to continue working at Alcon through Manpower, Powell has produced no evidence that Alcon would not let her come back to work because of her status as a

member of a protected class. Powell testified that once she had recovered she contacted Michelle Anderson at Manpower to inform her she was ready to return to work. Powell Dep. 138:13-20. Powell then testified that Anderson told her that Bailey told Anderson that Powell was no longer welcome to work at Alcon because of her absences while she was assigned to Alcon. Powell Dep. 138:23-139:1. Powell's recount of a message relayed through Michelle Anderson at Manpower from Bailey at Alcon, does not create a genuine issue of material fact. "[H]earsay evidence, which would not be admissible at trial, cannot be considered on a motion for summary judgment." *Md. Highways Contractors Ass'n, Inc. v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991). Powell's testimony is double hearsay not within a hearsay exception. Thus it would not be admissible at trial and cannot be considered here.

Without Anderson's statement there is no evidence that Alcon took any action concerning Powell's initial position once she recovered from her surgery. There is no evidence in Bailey's deposition that he made any statement to Anderson informing her that Powell was no longer welcome to work at Alcon and Anderson was never deposed. In fact, there is no evidence that anyone at Alcon knew that Powell had recovered and wanted to continue working in the same capacity.

Lastly, in her deposition, Powell states that she applied online for her previous job at Alcon at the same time she applied for the software engineer position. Powell Dep. 134:4-11. Powell does not address this fact in her briefing, but during his deposition Bailey testified that Alcon does not hire employees for that job through internet applications. Bailey Dep. 19:1-15. Regardless of how Alcon staffs this particular position, Powell has produced no evidence related to Alcon's employment process. Powell has not produced evidence that her application was even seen by anyone at Alcon.

West Virginia law does not require Powell to provide direct proof that she was the target of discrimination. *Dawson*, 433 S.E.2d at 273. Often no direct proof of very real discrimination can be found. *Id.* Nonetheless, "[w]hat is required of the plaintiff is to show some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion." *Id.* (quoting *Conway*, 358 S.E.2d at 429-30). Powell's only evidence is that she applied online for her old position at Alcon and heard nothing from Alcon about her application. That alone does not create an inference that Alcon made a discriminatory employment decision. Powell must proffer more than a scintilla of evidence that links the adverse employment action to the cause of that action. *Anderson*, 477 U.S. at 252. Accordingly, Powell has not produced any evidence that would lead the Court to determine that there is genuine issue of material fact concerning an adverse employment action caused by her membership in a protected class.

## IV. Conclusion

In sum, Alcon has met its burden to demonstrate that there are no genuine issues of material fact and Powell has failed to combat Alcon's showing with any proof that Alcon made an adverse employment decision based on Powell's membership in a protected class. Accordingly, the Court **GRANTS** Alcon's Motion for Summary Judgment.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER: October 7, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE